## SHENKO v. JACK COLE CO., Inc.

### No. 8624.

Circuit Court of Appeals, Third Circuit.

Argued Jan. 11, 1945.

Decided Feb. 14, 1945.

B. Nathaniel Richter, of Philadelphia, Pa. (Maximillian J. Klinger and Milton S. Leidner, both of Philadelphia, Pa., on the brief), for appellants.

Henry S. Ambler, of Philadelphia, Pa. (Frank R. Ambler, of Philadelphia, Pa., on the brief), for appellee.

Before GOODRICH and McALLISTER, Circuit Judges, and GIBSON, District Judge.

GIBSON, District Judge.

After verdict for the defendant the complainants have appealed.

The complainants' decedent, Joseph E. Shenko, Jr., six years of age, was instantly killed on January 6, 1943, as a result, it is claimed, of having been struck by the appellee's truck and trailer at the corner of New Market Street and Fairmount Avenue in the City of Philadelphia, Pennsylvania.

The only person who testified that he was an eyewitness of the accident was one Joseph Plizak, seven years of age. A woman testified that she had seen the Shenko boy on the sidewalk shortly prior to his body being found on the opposite side of the street, but had not seen any collision. After defendant's truck and trailer had turned down Fairmount Avenue and was about thirty feet from the corner, the body was discovered on the Northeast side of Fairmount Avenue by several persons.

The Plizak boy's testimony, in substance, was that he had talked to the deceased boy at the southeast corner of New Market Street, just before the collision; that the latter then walked backwards across Fairmount Avenue near the corner and was standing in plain sight on the east side of the roadway when defendant's truck, coming south on New Market Street, made a short left hand turn into Fairmount

Avenue and struck the Shenko boy. He stated that the left front part of the truck struck deceased.

As against this testimony a city officer, George Hommell, who had investigated the accident, stated Joseph Plizak had not appeared as a witness before the Coroner or at a hearing before a magistrate, and that in his investigation he had interviewed the mother of the deceased boy three times and she had never mentioned Joseph Plizak as a witness of the accident. Also, Veneley Hyde, who was the driver of defendant's truck and trailer testified that he had come to a full stop at the corner and had not seen the Shenko boy, or any other boy, there He had no knowledge of any accident until told of it after he had passed the corner for a considerable distance. Another witness, Tanzwell Tucker who was driving a truck in a westerly direction on Fairmount Avenue and quite close to New Market Street, testified that the driver of the defendant hade stopped his truck at the corner He also stated that he had a clear view of the corner and had seen no boy on the street before or at the time the truck turned into Fairmount Avenue. He said that the front part of defendant's truck was in his view while turning and that part had not collided with anybody.

The first allegation of error relates to the testimony of George Hommell, the police officer who investigated the accident. The photograph of the truck and trailer of defendant had been offered in evidence before Hommell was called to the stand and no objection was made thereto. When testifying he identified the vehicle, stating that he had examined it at the Police Station about two hours after the accident. Asked if he had found any marks upon it, without any objection he testified that "the only marks that I could observe was on the left rear end." Asked: "What were they?" he stated: "Well, they appeared to be finger marks, and also—" and here counsel for the complainants entered an objection, alleging that the testimony had no connection with the deceased. The court overruled the objection, stating that he would allow the witness to say what he saw. He added: "Of course, his answer that he saw some finger marks, unless the jury finds from the evidence that those are finger marks of the deceased boy, then that would be the only way that you could consider such evidence." The witness then testified that he saw a "brush" mark on the trailer and finger marks a few inches above the floor. Counsel for defendant, on cross-examination, asked the witness if any of these marks appeared on the photograph and some marks on it were pointed out.

Counsel for the complainants at no time moved the court to strike out any of the testimony

The attention of the court has been called to several cases in which tire or skid marks have been ruled out in cases of automobile accidents when not the subject of testimony until a considerable time after the accident. The courts so excluding such testimony have considered the number of motor vehicles on the road and the great probability that another car than that to which the mark was attributed had caused it. Those cases are not parallel with the instant case. Whatsoever may be the claim of the defendant, the complainants cannot assert that the defendant's truck and trailer were not in the accident. If it bore no evidence of collision on its truck part and did have such evidence on the trailer, the effect of it would be a material contradiction of the testimony of Joseph Plizak, who had the Shenko boy struck by the front of the truck while he was standing in plain sight on the street, and would confirm the testimony of the witnesses for defendant who saw no boy in the street and asserted that the front of the truck had collided with no person.

In admitting the testimony of the police officer, particularly in view of the testimony which preceded the testimony as to brush marks and finger marks, we feel that the court was not in error. It will be recalled that a photograph had been offered in evidence without any objection.

The next allegations of error relate to the refusal of the court to affirm several of counsels' requests for charges. An examination of the points refused will disclose that each of them call for an undesirable declaration as to a matter of fact which was in issue. In the general charge and in complainants' points which were affirmed, the court very fully stated the law applicable to motorists turning from one street to another. In fact hypercriticism might question several of the points which were affirmed. Certainly the legal features involved in the action were fully cared for in the points affirmed and in the main charge.

Counsel for plaintiffs also have complained about the affirmance of the first two of defendant's requests for instructions. They allege that affirmance of the points practically excluded the testimony of Joseph Plizak from consideration. Some criticism possibly may be made as to the verbiage of the points, but as commonly understood they were correct general statements of the law. It is quite certain that no such inference as that suggested by counsel was possible in view of the main charge and complainants' points already affirmed. The case was quite fairly tried, with leaning toward neither side.

Finding no material error in the record, the judgment is affirmed.